IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00369-RJC
(3:10-cr-00022-RJC-1)

| | |
|---|---|
| JERRY LEE LOVE, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On January 20, 2010, Petitioner was indicted on one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1); one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 2); and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 3). (3:10-cr-00022, Doc. No. 1: Bill of Indictment). On January 25, 2012, Petitioner pleaded guilty pursuant to a plea agreement to Counts 1 and 3, and the Government agreed to dismiss Count 2 in exchange for Petitioner's guilty plea. (Id., Doc. No. 40: Plea Agreement; Doc. No. 41: Acceptance and Entry of Guilty Plea).

In Petitioner's presentence investigation report (PSR), the probation officer concluded Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e) (ACCA), and

1

USSG § 4B1.4 (2011), based on three North Carolina convictions for breaking and entering for which Petitioner was sentenced to in excess of one year on each conviction. (Id., Doc. No. 45: PSR ¶ 24, 47, 49, 67). On November 14, 2012, Petitioner was sentenced as an armed career criminal to a term of 188-months' imprisonment and he did not appeal. (Id., Doc. No. 48: Judgment).[1]

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

In this collateral proceeding, Petitioner argues that he is entitled to relief from his sentence under § 924(e) because his North Carolina breaking and entering convictions no longer qualify as violent felonies under the ACCA. Petitioner bases this contention on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the ACCA was void for vagueness and therefore unconstitutional.[2] (3:16-cv-00369, Doc. No. 1: Motion to Vacate at 3 ¶ 12; Doc. No. 1-1: Petitioner's Mem. at 3-4).

Under the ACCA, a defendant that is convicted of a § 922(g) offense faces a sentence of

---

[1] In June 2014, Petitioner filed a § 2255 Motion to Vacate which he later voluntarily dismissed. (3:14-cv-00330-RJC).
[2] In Welch v. United States, the Supreme Court ruled that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

2

no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense" or both, that are "committed on occasions different from one another . . ." Id. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause."). The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison under state or federal law. Id. § 924(e)(2)(A)(ii)

Petitioner's argument fails for the simple reason that his breaking and entering convictions are not considered under the residual clause of the ACCA; but rather these convictions qualify as the enumerated offense of "burglary" under § 924(e)(2)(B)(ii). See Johnson, 135 S. Ct. at 2563 ("Today's decision [striking the residual clause of the ACCA] does not call into question the application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). See also United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) (finding that North Carolina offense of breaking and entering meets generic definition of burglary under the ACCA).

IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's § 2255 Motion to Vacate is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate his sentence is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**SO ORDERED**.

Signed: August 23, 2016

Robert J. Conrad, Jr.
United States District Judge